# EXHIBIT A

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Michael Binday, James Kevin Kergil | ) |
| and Mark Resnick | ) |
| *Defendant* | ) |

Case No.  12-CR-152 (CM)

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  American General Life Insurance Company
c/o Coleen Middleton, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street, New York, N.Y.  10017
coleen.middleton@wilsonelser.com

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: |
|---|---|
| | Date and Time: |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See the attached Schedule. You are required to submit all materials described in the Schedule in your custody and control to:

Benjamin S. Fischer, Esq., Morvillo Abramowitz Grand Iason & Anello, P.C., 565 Fifth Avenue, New York, N.Y. 10017, Counsel for Defendant Michael Binday. Please produce the materials described in the Schedule on or before August 7, 2013.

    *(SEAL)*

Date:   07/17/2013 .

RUBY J. KRAJICK

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Michael Binday
, who requests this subpoena, are:

Benjamin S. Fischer, Esq.
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue
New York, N.Y. 10017
(212) 880-9600
bfischer@maglaw.com

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   12-CR-152 (CM)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**United States v. Binday, et al., 12-CR-152 (CM) (S.D.N.Y.)**

**Schedule**

A.  **Definitions and Instructions**

1.  "Company" or "you" or "Insurer" or "American General" means American General Life Companies, the United States Life Insurance Company in the City of New York and any affiliated life insurance company which received or processed life insurance policy applications, or issued life insurance policies, associated with the Defendants and/or Associated Individuals or Entities (as defined below).

2.  "Defendants and/or Associated Individuals or Entities" means any of the following individuals or entities:

    a.  Defendant Michael Binday
    b.  R. Binday Plans & Concepts
    c.  Advocate Brokerage Group
    d.  Defendant James Kevin Kergil
    e.  Defendant Mark Resnick
    f.  Paul Krupit

3.  "Relevant Life Insurance Policies" means life insurance policies issued to any of the following list of named insureds and policy numbers, including any other life insurance policy issued by the Company to the named insured in connection with the Defendants and/or Associated Individuals or Entities.

    a.  Martin Bromberg, Policy No. U1E051070L
    b.  Ray Caffiero, Policy No. UH066165NL
    c.  Carl Card, Policy No. UH066156NL
    d.  Cornelia Chestnut, Policy No. U10063018L
    e.  Myra Davis, Policy No. U10019421L
    f.  Shirley Duesler, Policy No. UH066184NL
    g.  James Farrell, Policy No. UH075019PL
    h.  Jerry Freid, Policy No. U10062230L
    i.  George Haas, Policy No. UH075015PL
    j.  Eva Hartheimer, Policy No. U10040230Y
    k.  James Karg, Policy No. UH066155NL
    l.  Sol Krevlin, Policy No. U1E050930L
    m.  Ed Lang, Policy No. unknown
    n.  Ellis Lim Quee, Policy No. 2UH066143NL
    o.  Helen Merber, Policy No. UH075012PL
    p.  Neil Melnick, Policy No. U10040539L and Policy No. UM0060971L
    q.  Ron Pincous, Policy No. unknown
    r.  Lillian Robinson, Policy No. U10022262L
    s.  Phillip Skidmore, Policy No. 2UH066173NL

4.    "Communication" or "communications" means any form of communication, whether written, printed or electronic, including emails plus their attachments, letters, memoranda, notes, recorded voicemails and telephone conversations, and any other form of communication used by the Company, within the possession, custody, or control of the Company, including employees, agents, attorneys or other persons acting on behalf of the Company.

5.    "Document" or "documents" means any written and/or printed material of any type in any form, including communications as defined above, paper communications and/or electronic files and all versions, copies, duplicates, drafts, annotations or edits within the possession, custody, or control of the Company, including employees, agents, attorneys or other persons acting on behalf of the Company.

6.    "Documents sufficient to show" means that the request does not require "all documents," and the response may be limited to the production of documents necessary to provide all of the information requested.

7.    "STOLI" means stranger-owned life insurance, stranger-originated life insurance, IOLI, investor-owned life insurance, investor-originated life insurance, SPIN-life, and speculator-initiated life insurance.

8.    "IOLI" means investor-owned life insurance, investor-originated life insurance, stranger-owned life insurance, stranger-originated life insurance, SPIN-life and speculator-initiated life insurance.

9.    "Including" means "including but not limited to."

10.    Items "relating to" or "regarding" an identified subject matter means items drafted, created, collected or communicated in connection with, in preparation for, as a result of or in response to that subject matter.

11.    For all requests the "relevant time period" for the requested information is January 1, 2006 through December 31, 2010, unless another time frame is expressly defined in the request.

12.    Whenever possible, documents should be produced in complete, unredacted form, and the basis for any redactions should be explained as to each redaction.[1]

---

[1] In previous productions to the Government and the Defendants, some insurers have redacted underwriting information relating to financial and medical information provided by policy applicants, citing HIPAA and Gramm-Leach-Bliley Act privacy provisions. However, life insurers are not subject to HIPAA restrictions on the transfer of medical information. See 42 U.S.C.A. §§ 1320d-1(a), d-2(d)(2) (defining the entities subject to HIPAA privacy as "[a] health plan," a "health care clearinghouse," and a "health care provider"). Nor does the Gramm-Leach-Bliley Act prohibit the disclosure of financial information in response to a subpoena. The Act specifically permits the disclosure of nonpublic personal information "to respond to judicial process." See 15 U.S.C. § 6802(e)(8); Loef v. First Am. Title Ins. Co., No. 2:08-CV-311-GZS, 2012 WL 95305, at *1 (D. Me. Jan. 11, 2012) ("[T]he provision of

**B.**      **Document Demands**

1.      All documents relating to the application and underwriting files, including all notes, records, emails including their attachments, other electronic communications or other correspondence regarding the underwriting, relating to the life insurance policies listed below, or any other life insurance policy associated with the named insured.

    a.    Lillian Robinson, Policy No. U10022262L
    b.    Ray Caffiero, Policy No. UH066165NL
    c.    James Farrell, Policy No. UH075019PL
    d.    Jerry Freid, Policy No. U10062230L
    e.    George Haas, Policy No. UH075015PL
    f.    Eva Hartheimer, Policy No. U10040230Y
    g.    James Karg, Policy No. UH066155NL
    h.    Ellis Lim Quee, Policy No. 2UH066143NL
    i.    Helen Merber, Policy No. UH075012PL
    j.    Neil Melnick, Policy No.  U10040539L and Policy No. UM0060971L
    k.    Phillip Skidmore, Policy No. 2UH066173NL

2.      All documents relating to any internal or external investigations, audits, fraud alerts or reviews—including but not limited to any review conducted by the Producer Protocol Committee (see AMG00001-29, attached hereto as Exhibit A, at AMG00022 and AMG00025)—relating to any of the following individuals or entities, and including but not limited to any communications with any regulatory agency regarding these individuals or entities.

    a.    Defendant Michael Binday
    b.    Defendant James Kevin Kergil
    c.    Defendant Mark Resnick
    d.    Paul Krupit
    e.    Bruce Weinstein
    f.    James Smith
    g.    Ron Roth
    h.    Dawn Engle
    i.    Ed Lynch
    j.    Denise Kozlowski
    k.    Frank Pellicone
    l.    R. Binday Plans & Concepts
    m.    Advocate Brokerage
    n.    The Potomac Group
    o.    BISYS
    p.    Crump Life Insurance Services

documents in response to an authorized subpoena meets the exception codified at 15 U.S.C. § 6802(e)(8).") (citing cases).

q.     Insurance Planning Associates
r.     Capital Creation Group

3.     All documents relating to any investigations, audits, fraud alerts or reviews—including but not limited to any review conducted by the Producer Protocol Committee (see AMG00001-29, attached hereto as Exhibit A, at AMG00022 and AMG00025)—with respect to any of the Relevant Life Insurance Policies.

4.     Any internal watch list or other listing identifying brokers the Company suspected might be involved in the sale of life insurance policies to investors, from January 1, 2006 through December 31, 2010, which identified any of the following individuals or entities:

a.     Defendant Michael Binday
b.     Defendant James Kevin Kergil
c.     Defendant Mark Resnick
d.     Paul Krupit
e.     Bruce Weinstein
f.     James Smith
g.     Ron Roth
h.     Dawn Engle
i.     Ed Lynch
j.     Denise Kozlowski
k.     Frank Pellicone
l.     R. Binday Plans & Concepts
m.     Advocate Brokerage
n.     The Potomac Group
o.     BISYS
p.     Crump Life Insurance Services
q.     Insurance Planning Associates
r.     Capital Creation Group

5.     With respect to the Relevant Life Insurance Policies, documents sufficient to show whether any of those policies have been rescinded, contested, litigated or sought to be declared void by the Company and, if so, documents reflecting the current status of such actions.

6.     With respect to the Relevant Life Insurance Policies, documents sufficient to show: (i) the current status of the policy (i.e., whether the Company continues to receive premium payments); (ii) total premiums paid to date; and (iii) the amounts and dates of the premium payments, including the most recent premium payment. To the extent available, a sufficient response to this request can include documents produced from the Company's financial or accounting system evidencing the receipt of such payments.

7.    Any telephone recordings, and transcripts of such records, made in connection with the Relevant Life Insurance Policies.

8.    Documents sufficient to show, with respect to each individual listed below, for each year from 2004 through 2010:  (i) compensation structure, including total compensation and any premium targets, benchmarks or quotas; (ii) the dollar value of the premiums generated by that individual due to policies procured by the Defendants and/or Associated Individuals and Entities; (iii) the percentage or proportion of the total premiums generated by that individual due to policies procured by the Defendants and/or Associated Individuals and Entities; and (iv) the compensation paid to that individual for policies procured by the Defendants and/or Associated Individuals and Entities.

   a.    Michael J. Vivalo, Regional Vice-President, Independent Agency Group, Tri-State Region, the individual referenced in the email marked R. Binday SDNY 00278360 – 61, attached hereto as Exhibit B.

   b.    Ronald J. Rovner, SVP-Sales, the individual referenced in the email marked R. Binday SDNY 00016274 - 76, attached hereto as Exhibit C.

   c.    William Tam, the individual referenced in the email marked R. Binday SDNY 00307088 – 89, attached hereto as Exhibit D.

   d.    Georgia Hale, Director, New Business, the individual referenced in the email marked R. Binday SDNY 00279314 – 15, attached hereto as Exhibit E.

9.    All emails plus their attachments containing any of these search terms— "Binday"; "Kergil"; "Resnick"; "Krupit"; "Pellicone"; or "Advocate Brokerage"—which were sent or received by any of the following Company employees.  (Searches should not be sensitive to capitalization.)

   a.    Michael J. Vivalo, Regional Vice-President, Independent Agency Group, Tri-State Region, the individual referenced in the email marked R. Binday SDNY 00278360 – 61, attached hereto as Exhibit B.

   b.    Ronald J. Rovner, SVP-Sales, the individual referenced in the email marked R. Binday SDNY 00016274 - 76, attached hereto as Exhibit C.

   c.    William Tam, the individual referenced in the email marked R. Binday SDNY 00307088 – 89, attached hereto as Exhibit D.

   d.    Georgia Hale, Director, New Business, the individual referenced in the email marked R. Binday SDNY 00279314 – 15, attached hereto as Exhibit E.

    e.    William ("Bill") Guterding, Senior Vice Presdient/Chief Underwriter IAG, the individual referenced in the email marked R. Binday SDNY 00152298, attached hereto as Exhibit F.

    f.    Wayne Arzberger, Director of Underwriting, the individual referenced in the email marked R. Binday SDNY 00486929, attached hereto as Exhibit G.

    g.    Gerald J. Kochman, Director of Underwriting, the individual referenced in the email marked R. Binday SDNY 00017603, attached hereto as Exhibit H.

    h.    Robert M. Cicchi, Vice President of Underwriting, Innovation and Research, the individual referenced the portions of his deposition transcript in <u>United States Life Ins. Co. v. Lazar Granhut</u>, No. 600550/07 (N.Y. Sup. Ct.), attached hereto as Exhibit K.

10.    Documents sufficient to show the factors relevant to and the process for the Company's calculation of the cost of insurance with respect to the type(s) of life insurance product(s) represented by any of the Relevant Life Insurance Policies, or (if less burdensome), specifically with respect to each of the Relevant Life Insurance Policies.

11.    Documents sufficient to show the pricing and cost of insurance information filed by the Company with any state insurance agency with respect to the type(s) of life insurance product(s) represented by any of the Relevant Life Insurance Policies.

12.    All documents relating to the Company's "effort to estimate the total how much [sic] IOLI business we may have," as referenced in the email dated November 17, 2006 from Scott Busalacchi of AIG Life Brokerage to Denise Bell of United States Central Agency Services, attached hereto as Exhibit I.

13.    All communications relating to any of the emails in the exchange of emails ending with the November 17, 2006 email from Scott Busalacchi to Denise Bell, attached hereto as Exhibit I.

14.    All documents relating to the Company's decision to change the its requirements that "tax returns must be furnished" and "premium could not exceed more than 20 percent of the proposed insured's Adjusted Gross Income," as discussed in the August 31, 2006 American General "Notice Regarding Underwriting Guidelines That Take Effect September 1, 2006." <u>See</u> AMG00066 – 68, attached hereto as Exhibit J.

15.    Documents relating to the following award events or trips presented by the Company to Michael Binday, including programs, presentations, transcripts,

recordings, qualification standards and any individual recognition offered to Mr. Binday during the event or trip.

    a.    Life Supervisor's Dinner 2007—New York
    b.    2008—Las Vegas
    c.    2008—Dana Point, California

16.    Exhibit I to the deposition of Robert M. Cicchi given on December 14, 2010 in United States Life Ins. Co. v. Lazar Granhut, No. 600550/07 (N.Y. Sup. Ct.), an excerpt of which is attached hereto as Exhibit K.

17.    All documents relating to the document titled "Investor Owned Life Insurance," dated May 22, 2006, attached hereto as Exhibit L, including the document itself, any communications attaching the document, any preceding or subsequent communications relating to the document, and all other documents relating to the May 22, 2006 requirements that proposed insureds submit their "most recently filed Federal Tax Return (IRS Form 1040)," and that "[t]he policy's annual premum cannot exceed 20% of the proposed Insured's adjusted gross income as stated on their most recent tax return." Exh. L at 1.